UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JHARON HOLLAND,

    Plaintiff,

v.                                  CAUSE NO. 3:20-CV-899 DRL-MGG

IN STATE OF *et al.*,

    Defendants.

OPINION AND ORDER

Jharon Holland, a prisoner without a lawyer, sues the Indiana Attorney General and Indiana Correctional Industries after he allegedly got sick from eating outdated and spoiled food that he purchased at the prison commissary. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Holland alleges that on October 19, 2020, he ate donut sticks that he purchased from the prison commissary. He contends that the package had a 2018 expiration date and the contents inside were spoiled. Nevertheless, he assumed that the contents would be safe to consume since the commissary sold them. Unfortunately, he says that he

suffered stomach pains, vomiting, and diarrhea for more than twenty-four hours. He seeks to hold defendants responsible for allowing the commissary to sell unsafe food.

The Eighth Amendment protects inmates from prison officials' "deliberate indifference to a substantial risk of serious harm." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020) (quotation marks omitted). It does not constitutionalize tort law. *See Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992) ("[W]e have previously rejected claims that the Due Process Clause should be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law."). "Conditions of confinement must be severe to support an Eighth Amendment claim; 'the prison officials' act or omission must result in the denial of the minimal civilized measure of life's necessities.'" *Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)). "An objectively sufficiently serious risk is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted).

The allegations here do not rise to the level of an Eighth Amendment violation. People in and out of prison face the risk of purchasing outdated food on occasion. "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted). Contemporary standards of decency do not require that prisoners be protected from this type of risk.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Here, however, there are no additional facts that would state a claim under the Eighth Amendment. Therefore, it would be futile to permit Mr. Holland to amend.

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A; and

(2) DIRECTS the clerk to close this case.

SO ORDERED.

April 23, 2021                                  *s/ Damon R. Leichty*
                                                Judge, United States District Court